Aguiar, J.
This appeal raises the issue of whether the motion judge erred in finding that a physician (an orthopedic specialist) who is not licensed as a physical therapist may perform physical therapy which qualifies for PIP purposes.
We find there was no error.
Loseva was involved in a motor vehicle accident and sustained personal injuries. The vehicle operated and owned by Loseva was insured by the defendant. Under Part Two of the insurance policy, Loseva was covered for PIP benefits, which obligated defendant to pay plaintiff for all reasonable expenses incurred as a result of a motor vehicle accident for necessary medical, surgical, x-ray, and dental services to the policy limits of $8,000.00. Loseva received medical treatment with Ronald Nasif, M.D. of Parkway Orthopedics, an orthopedic specialist of Parkway Orthopedics located in Roslindale, Massachusetts. He recommended physical medicine treatments for Loseva. All of said physical medicine treatments were either provided entirely by Dr. Nasif or with the help of an assistant. Dr. Nasif was always in attendance during the physical medicine treatments rendered to Loseva. Liberty refused to pay for $2,015 of the PIP claim.
Summary judgment was entered for Loseva.
Liberty argues that the physical therapy treatment rendered to Loseva is not compensable under PIP because it was not lawfully rendered. ‘The treatment was not lawfully rendered because it was not rendered by a licensed physical therapist as required by law.” Liberty claims that Dr. Nasif administered said treatment in violation of M.G.L.C. 112, Section 23P, which states that only physical therapists can render such treatment. As such, Dr. Nasif’s illegal treatment cannot be com-pensable under the PIP statute.
We disagree with Liberty.
The motion judge in the instant case cited M.G.L.c. 112, Section 23E(a) as authority for her ruling that the physical therapy services were lawfully rendered. That section states, “Nothing in this section shall be construed as preventing or restricting the practice, services or activities of: (a) any person licensed in this Commonwealth by any other statute from engaging in the profession or occupation for which he is licensed.”
*238 Liberty further argues that Section 23E merely says that if Dr. Nasif was dually licensed as both a medical doctor and a physical therapist he could properly practice in either field.
Liberty’s interpretation is not supported by the language of the section. If the purpose of Section 23E(a) was to permit dual licensure it would have included language such as “for which he is also licensed” by this section.
Loseva argues that the clear meaning of 23E(a) is, as the motion judge recognized, to clarify that a licensed professional such as a physician would not be restricted from acting as an athletic trainer, performing physical medicine services also performed by a physical therapist, or other services or activities referred to in the section. As Loseva points out, it is inconceivable that a physician, specializing in orthopedics, could not act as an athletic trainer for a local high school football or track team.
We agree with Loseva. “Statutes relating to the same subject matter should be construed together so as to be in harmony.” Board of Education v. Assessor of Worcester, 368 Mass. 511 (1975).
The requirements of physicians and surgeons are encompassed within Sections 2 through 9C of Chapter 112 of the Massachusetts General Laws. Loseva argues that there are no restrictions in said sections limiting the medical treatment that a physician may utilize relative to treatment of his patients.
We agree with Loseva.
“Section 23P is aimed at protecting the public from persons representing themselves to be physical therapists unless they are properly licensed. It does not preclude a physician from performing- certain physical medicine modalities in the treatment of his patients and certainly does not make said treatment unlawful.”
For all of the above reasons the judgment is affirmed and the appeal is dismissed.
Attorney’s fees not allowed.